| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT<br>365 West Passaic Street, Suite 400<br>Rochelle Park, NJ 07662<br>Telephone: (201) 845-1000<br>Attorneys for Charles M. Forman<br>Chapter 7 Trustee for Lawson Foods, LLC<br>Erin J. Kennedy, Esq.<br>ekennedy@formanlaw.com | |
| In Re:<br><br>SIMON SZEKIT LAW,<br><br>        Debtor. | Chapter: 7<br><br>Case No.: 23-19542 (SLM)<br><br>Hon. Stacey L. Meisel |
| CHARLES M. FORMAN, Chapter 7 Trustee for the Estate of Lawson Foods, LLC,<br>        Plaintiff,<br><br>v.<br><br>SIMON SZEKIT LAW,<br>        Defendant. | Adv. Pro. No. 25- |

**COMPLAINT TO DENY DISCHARGE**

Plaintiff, Charles M. Forman, the Chapter 7 Trustee ("Trustee") for the estate of Lawson Foods, LLC ("Lawson Foods"), complains of the Defendant, Simon Szekit Law ("Law" or "Debtor"), seeking to deny Debtor's discharge pursuant to 11 U.S.C. §727, and says:

**JURISDICTION AND VENUE**

1. The court has jurisdiction over this application under 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding arises under 11 U.S.C. §727.

3. This adversary proceeding is a core proceeding as that term is used in 28 U.S.C. § 157(b)(2)(J).

F0243177 - 1

4. Venue of the Debtor's case and this adversary proceeding in this district is proper under 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

A. **Procedural History and Parties**

5. Defendant is the Debtor in this case and is an individual with an address of 77 Overlook Avenue, Basking Ridge, New Jersey 07920.

6. On October 27, 2023 ("Law Petition Date"), the Debtor filed a petition for relief under Chapter 11 of Title 11, United States Code, the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* ("Bankruptcy Code").

7. Debtor's case was converted to a case under Chapter 7 on August 7, 2024.

8. Prior to the Law Petition Date and continuing thereafter, the Debtor was the majority owner and managing member of Lawson Foods.

9. On July 3, 2024 ("LF Petition Date"), Lawson Foods filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

10. On December 12, 2024, Charles M. Forman became the Chapter 7 Trustee for Lawson Foods.

B. **General Background**

11. Lawson Foods was formed in approximately 2006.

12. Lawson Foods provided delivery of food and supplies to restaurants and provided consulting services to S.D.J. Trading, Inc. ("SDJ").

13. Upon information and belief, SDJ is a meat processing company owned by Simon Law's father, Wing Law.

14. According to Law, consulting services included dealing with issues related to the lease of the premises and equipment, dealing with USDA inspections and dealing with site issues, such as snow removal.

15. Lawson Foods also provided services for the shipment and sale of meat products to China from approximately 2012 to 2017.

16. Lawson Foods initially operated at 145 40th Street, Irvington, NJ ("40th Street") at space, which was leased by SDJ from 145 Irvington Realty, LLC ("Realty").

17. In or around November 1, 2011, Lawson Foods took over the lease for 40th Street and entered into a lease agreement with Realty dated November 1, 2011 to lease 40th Street for a period of ten (10) years, with the lease term ending on October 31, 2021 ("40th Street Lease").

18. After Lawson Foods took over the 40th Street Lease, Lawson Foods and SDJ both continued to utilize the premises.

19. At the time that Lawson Foods entered into the 40th Street Lease, Law was an owner of Realty. Law's father, Wing Law, and Law's spouse, Ada Law, also were owners of Realty.

20. According to Law, Lawson Foods needed more space for its operations and in particular its export operations.

21. Lawson Foods entered into a lease agreement with Baker-Properties Limited Partnership ("Baker") on March 9, 2016, to lease premises located at 22-24 Camptown Road, Irvington, NJ 07111 ("Camptown Lease"). The termination date for the Camptown Lease was March 31, 2022.

22. On October 25, 2016, Lawson Foods entered into a First Amendment to Lease Agreement with Baker under which Lawson Foods exercised its expansion space option under Article 36 of the Camptown Lease to expand the premises to include additional premises.

23. On November 30, 2016, Lawson Foods entered into a Second Amendment to Lease Agreement with Baker to lease an additional 11,200 rentable square feet of space at 22-24 Camptown Road, Irvington, NJ 07111.

24. According to Law, Lawson Foods' need for the Camptown Lease ended when Vista Foods, LLC ("Vista") stopped doing business with Lawson Foods, in or about 2017.

25. On or about September 29, 2017, Vista commenced suit against Lawson Foods.

26. On April 6, 2023, a judgment was entered against Lawson Foods awarding Vista damages of $3,120,377.46 plus a contempt award of $392,276.00.

27. On March 25, 2021, Lawson Foods entered into a Third Amendment to Lease Agreement, an Assignment and Assumption of Lease with Baker and SDJ which provided for the assignment of the Camptown Lease to SDJ.

**C.    The Business Transfer**

28. According to Law, Lawson Foods discontinued providing distribution of products to restaurants in early 2021 and thereafter only provided consulting services.

29. According to Law, after 2021 Lawson Foods' only business was providing consulting services for SDJ and Maplewood Foods, LLC ("Maplewood), an entity owned by Law's spouse, Ada Law.

30. Upon information and belief, Maplewood was formed in 2017, is located at the 40th Street location, and provides the same services that Lawson Foods had provided.

31. Lawson Foods did not renew the 40th Street Lease when its term was up on October 31, 2021.

32. According to Law, after 2021 Lawson Foods did not have any leases or need for physical space because it was only providing consulting services.

33. According to the tax returns filed by Lawson Foods, Lawson Foods had the following income:

| Year | Gross Receipts | Total Income |
|---|---|---|
| 2023 | $953,400 | $933,051 |
| 2022 | $1,703,044 | $1,070,885 |
| 2021 | $9,361,578 | $1,578,752 |
| 2020 | $12,974,760 | $1,795,273 |
| 2019 | $15,517,304 | $2,014,744 |

34. Beginning in 2021 and continuing until the Petition Date, Law caused Lawson Foods to divert its business to SDJ and Maplewood causing Lawson Foods's income to be reduced.

35. The diversion of the Lawson Foods business was done with the actual intent to place the assets and income of Lawson Foods beyond the reach of Vista.

36. After 2021, when Lawson Foods claims that it only provided consulting services to SDJ and Maplewood, Lawson Foods continued to pay for rent and property insurance even though it had no premises or lease.

37. After 2021, when Lawson Foods claims that it only provided consulting services to SDJ and Maplewood Foods, Lawson Foods continued to employ the same number of employees as it had when it was providing distribution services.

38. After 2021, when Lawson Foods claims that it only provided consulting services to SDJ and Maplewood Foods, Lawson Foods continued to lease two trucks and to incur gas and toll expenses.

**D.    Books and Records**

39. Lawson Foods has failed to:

   (a) provide any records or documentation of the consulting services it provided to SDJ and Maplewood;

    (b)    explain what consulting services were provided to SDJ and Maplewood; and

    (c)    explain what compensation was received for consulting services and how that compensation was determined.

40.    Law is the principal and managing member of Lawson Foods. Law has failed to:

    (a)    provide any records or documentation of the consulting services Lawson Foods provided to SDJ and Maplewood;

    (b)    explain what consulting services Lawson Foods provided to SDJ and Maplewood; and

    (c)    explain what compensation Lawson Foods received for consulting services and how that compensation was determined.

41.    Lawson Foods has failed to maintain and/or turn over books and records regarding its assets and financial affairs.

42.    Prior to 2022, Lawson Foods utilized a Chinese bookkeeping software that is no longer functional or available.

43.    Since 2022, Lawson Foods did not utilize bookkeeping software and did not maintain any bookkeeping records.

44.    Since 2022, Law and Lawson Foods relied on Lawson Foods's bank account records to provide information for the preparation of tax returns and to track business.

45.    Lawson Foods did not generate or maintain any bills, invoices or written documentation regarding the consulting services it provided to SDJ and Maplewood.

46.    Lawson Foods did not provide any records reflecting the source of its receipts after 2021 or it failed to turn over such records to the Trustee.

47. Lawson Foods has not produced any written agreements between it and SDJ and Maplewood, including agreements with respect to the consulting services it provided.

48. Lawson Foods has not produced any records of payments received by the Debtor from SDJ and Maplewood for lease payments, consulting services or payroll expenses.

49. As the principal and managing member of Lawson Foods, it was Law's responsibility to maintain records and documents from which Lawson Foods' financial affairs could be ascertained.

## COUNT ONE

50. The Plaintiff repeats each allegation set forth in this complaint as if it were fully set forth herein at length.

51. Law caused Lawson Foods to transfer its distribution business to SDJ and Maplewood by providing business information, customer lists, staffing and good will.

52. The transfers of Lawson Foods's assets described herein were made at a time that Lawson Foods owed an unpaid judgment to Vista in the face amount $3,120,377, plus interest.

53. Law caused Lawson Foods to make payments for rent, insurance and equipment rentals for the benefit of third parties, including SDJ and Maplewood, and not for the benefit of Lawson Foods, in order to place those funds beyond the reach of Lawson Foods's creditors.

54. Law's transfer of Lawson Foods' assets was to or for the benefit of insiders and/or Law individually.

55. Law's transfers of Lawson Foods' business and funds was done with the intent to hinder, delay and defraud one or more creditors.

WHEREFORE, the Plaintiff seeks judgment denying the Debtor's discharge pursuant to 11 U.S.C. §727(a)(2)(A) and (a)(7) and such further relief as the court may allow.

## COUNT TWO

56. The Plaintiff repeats each allegation set forth in this complaint as if it were fully set forth herein at length.

57. Prior to March of 2021, Lawson Foods had a profitable business providing distribution of food and supplies to restaurants and providing consulting services to SDJ and Maplewood.

58. Beginning in or about 2021, Law caused Lawson Foods discontinued its food distribution services and consulting services, dramatically reducing is gross and net income.

59. Law and Lawson Foods have not provided any credible explanation for the reason Lawson Foods abandoned its distribution business and consulting services.

60. Law and Lawson Foods have failed to provide a satisfactory explanation as to why Lawson Foods's assets diminished and were not sufficient to pay its obligations to Vista.

WHEREFORE, the Plaintiff seeks judgment denying the Debtor's discharge pursuant to 11 U.S.C. §727(a)(5) and (a)(7) and such further relief as the court may allow.

## COUNT THREE

61. The Plaintiff repeats each allegation set forth in this complaint as if it were fully set forth herein at length.

62. Lawson Foods provided consulting services to SDJ from 2006 to November 2023 and to Maplewood from 2017 to November 2023.

63. Lawson Foods did not receive compensation in a reasonably equivalent value to the benefits it provided to SDJ and Maplewood through its consulting services.

64. Lawson Foods was indebted to Vista for an unsatisfied judgment at the time it provided consulting services to SDJ and Maplewood for inadequate consideration.

65. After Lawson Foods discontinued its distribution and consulting services, Law continued to provide those services for the financial benefit of Law, Maplewood and/or SDJ.

66. Lawson Foods was indebted to Vista for an unsatisfied judgment at the time it abandoned its distribution and consulting services to SDJ and Maplewood.

67. The termination of services by Lawson Foods was caused by Law with the actual intent to hinder, delay and defraud Lawson Foods' creditors.

WHEREFORE, the Plaintiff seeks judgment denying the Debtor's discharge pursuant to 11 U.S.C. §727(a)(2)(A) and (a)(7) and such further relief as the court may allow.

## COUNT FOUR

68. The Plaintiff repeats each allegation set forth in this complaint as if it were fully set forth herein at length.

69. As the principal and managing member of Lawson Foods, it was Law's responsibility to maintain the books and records of the business.

70. Law failed to maintain adequate books and records for Lawson Foods from which Lawson Foods's financial condition and business transactions can be ascertained.

WHEREFORE, the Plaintiff seeks judgment denying the Debtor's discharge pursuant to 11 U.S.C. §727(a)(3) and (a)(7) and such further relief as the court may allow.

FORMAN HOLT
Attorneys for Charles M. Forman,
Trustee for Lawson Foods, LLC

Dated: March 28, 2025

By: */s/Erin J. Kennedy*
    Erin J. Kennedy

F0243177 - 1